People v Bishop (2021 NY Slip Op 05442)





People v Bishop


2021 NY Slip Op 05442


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


867 KA 20-01414

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZACHERY BISHOP, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered November 14, 2019. The judgment convicted defendant upon a plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon his pleas of guilty during a single plea proceeding of, respectively, robbery in the second degree (Penal Law
§ 160.10 [1]) and robbery in the first degree (§ 160.15 [3]). Defendant contends in both appeals that County Court erred in imposing enhanced sentences because the court's Outley warning was not part of the plea agreement, the court failed to sufficiently warn him of the consequences of violating the subject conditions and, in any event, he did not violate the conditions as articulated by the court. Defendant, however, failed to preserve those contentions for our review inasmuch as he did not object to the enhanced sentences or move to withdraw his guilty pleas or to vacate the judgments of conviction (see People v Shelton, 192 AD3d 1506, 1507 [4th Dept 2021], lv denied 37 NY3d 960 [2021]; People v Coker, 133 AD3d 1218, 1218 [4th Dept 2015], lv denied 27 NY3d 995 [2016]). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant failed to preserve for our review his contention that the court violated CPL 380.50 by not asking him if he wished to make a statement at sentencing (see People v Green, 54 NY2d 878, 880 [1981]). In any event, the court substantially complied with CPL 380.50 by asking defense counsel if he wished to be heard prior to the imposition of sentence (see People v Desius, 188 AD3d 1626, 1629 [4th Dept 2020], lv denied 36 NY3d 1096 [2021]; see generally People v McClain, 35 NY2d 483, 491 [1974], cert denied 423 US 852 [1975]).
Finally, the enhanced sentences are not unduly harsh or severe.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court